■ In the Matter of TILLIE RICHARTZ, Petitioner, v NEW YORK CITY HUMAN RESOURCES ADMINISTRATION et al., Respondents. [717 NYS2d 294] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Department of Health, dated November 9, 1998, which, after a hearing, confirmed a determination of the respondent New York City Human Resources Administration denying the petitioner's application for medical assistance.

Adjudged that the petition is granted, on the law, without costs or disbursements, the determination is annulled, and the matter is remitted to the respondents for a new determination on the petitioner's application for medical assistance in accordance herewith.

The petitioner Tillie Richartz and her husband Harry Richartz executed waivers of their rights of election in each other's

estates on March 22, 1990. Seven years later, Harry Richartz died. The petitioner entered a nursing home, and subsequently applied for medical assistance. That application was denied by the New York City Human Resources Administration on the ground that the petitioner had available assets, i.e., her right of election against her deceased husband's estate. That determination was upheld by the New York State Department of Health on the ground that the waiver was revocable, and that the petitioner had a statutory obligation to pursue her elective share of her deceased husband's estate (see, 18 NYCRR 360-2.3 [c]).

The statutory waiver of the right of election may be unilateral, without consideration, absolute, or conditional (see, EPTL 5-1.1 [f]). The determination of the respondents that the waiver was revocable is not supported by substantial evidence (see, CPLR 7803 [4]; 300 Gramatan Ave. Assocs. v State Div. of Human Rights, 45 NY2d 176). O'Brien, J. P., Friedmann, Krausman and Schmidt, JJ., concur.